**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM STRIEBE, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 1:26-cv-02674-MHC |
| FILMHEDGE, LLC, | ) | |
| MEDIAHEDGE, INC., and | ) | |
| JONATHAN DWAYNE ("JON") GOSIER, | ) | |
| *Defendants*, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KRISTY MORGAN | ) | |
| *Third-Party Defendant.* | ) | |

**PLAINTIFF/COUNTERCLAIM DEFENDANT WILLIAM STRIEBE'S ANSWER WITH AFFIRMATIVE DEFENSES TO DEFENDANTS/COUNTERCLAIM PLAINTIFFS' JOINT COUNTERCLAIM**

Pursuant to Federal Rules of Civil Procedure 12 and 13, Plaintiff/Counterclaim Defendant William Striebe (hereafter "Counterclaim Defendant") files his Answer with Affirmative Defenses to Defendants/Counterclaim Plaintiffs' Joint Counterclaim, stating as follows:

## I. AFFIRMATIVE DEFENSES

First Affirmative Defense

As his first affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of accord and satisfaction.

Second Affirmative Defense

As his second affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of estoppel.

Third Affirmative Defense

As his third affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of failure of consideration.

Fourth Affirmative Defense

As his fourth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of fraud.

Fifth Affirmative Defense

As his fifth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of illegality.

Sixth Affirmative Defense

As his sixth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of laches.

Seventh Affirmative Defense

As his seventh affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of payment.

Eighth Affirmative Defense

As his eighth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of release.

Ninth Affirmative Defense

As his ninth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of statute of frauds.

Tenth Affirmative Defense

As his tenth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of waiver.

Eleventh Affirmative Defense

As his eleventh affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of unclean hands.

Twelfth Affirmative Defense

As his twelfth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of failure to mitigate damages.

Thirteenth Affirmative Defense

As his thirteenth affirmative defense, Counterclaim Defendant Striebe asserts the affirmative defense of failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. RESPONSES TO ALLEGATIONS

COMES NOW, Counterclaim Defendant Striebe responds to the allegations set forth in the Counterclaim as follows:

### Parties

1. Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 1 of the Counterclaim.

### Jurisdiction and Venue

2. Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 2 of the Counterclaim.

3. Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 3 of the Counterclaim.

### Statement of Facts

4. Counterclaim Defendant Striebe denies meeting Counterclaim Plaintiff at “an investment mixer” but admits that he met Counterclaim Plaintiff at some point in early 2025.

5. Counterclaim Defendant Striebe admits that he was given a film credit for a movie. He denies all the remaining allegations set forth in Paragraph 5 of the Counterclaim.

6. Counterclaim Defendant Striebe denies that the allegations set forth in Paragraph 6 of the Counterclaim.

7. Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 7 of the Counterclaim.

8. Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 8 of the Counterclaim.

9. The document that Counterclaim Plaintiffs have cited in Counterclaim Paragraph 9 speaks for itself and does not require a response. To the extent that a response is required, Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 9 of the Counterclaim.

10. The document that Counterclaim Plaintiffs have cited in Counterclaim Paragraph 10 speaks for itself and does not require a response. To the extent that a response is required, Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 10 of the Counterclaim.

11. The document that Counterclaim Plaintiffs have cited in Counterclaim Paragraph 11 speaks for itself and does not require a response. To the extent that a response is required, Counterclaim Defendant Striebe admits that the allegations set forth in Paragraph 11 of the Counterclaim.

12. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 12 of the Counterclaim.

13. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 13 of the Counterclaim.

14. Counterclaim Defendant Striebe lacks knowledge or information sufficient to form a belief about the truth of Counterclaim Paragraph 14; therefore, it is deemed denied.

15. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 15 of the Counterclaim.

16. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 16 of the Counterclaim.

17. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 17 of the Counterclaim.

18. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 18 of the Counterclaim.

19. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 19 of the Counterclaim.

20. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 20 of the Counterclaim.

**COUNT I – BREACH OF ADVISORY AGREEMENT**
**(MediaHedge)**

21. Counterclaim Defendant incorporates by reference each and every response to the allegations set forth in Counterclaim Paragraphs 1 through 20 as if fully repeated verbatim.

22. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 22 of the Counterclaim.

23. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 23 of the Counterclaim.

24. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 24 of the Counterclaim.

**COUNT II – VIOLATION OF GEORGIA TRADE SECRETS ACT**
**(O.C.G.A. § 10-1-760)**
**(MediaHedge and FilmHedge)**

25. Counterclaim Defendant incorporates by reference each and every response to the allegations set forth in Counterclaim Paragraphs 1 through 24 as if fully repeated verbatim.

26. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 26 of the Counterclaim.

27. Counterclaim Defendant Striebe lacks knowledge or information sufficient to form a belief about the truth of Counterclaim Paragraph 27; therefore, it is deemed denied.

28. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 28 of the Counterclaim.

29. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 29 of the Counterclaim.

**COUNT III – DEFAMATION**
**(MediaHedge, FilmHedge, Gosier)**

30. Counterclaim Defendant incorporates by reference each and every response to the allegations set forth in Counterclaim Paragraphs 1 through 29 as if fully repeated verbatim.

31. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 31 of the Counterclaim.

32. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 32 of the Counterclaim.

33. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 33 of the Counterclaim.

34. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 34 of the Counterclaim.

35. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 35 of the Counterclaim.

**COUNT IV – CIVIL CONSPIRACY**
**(MediaHedge, FilmHedge, Gosier)**

36. Counterclaim Defendant incorporates by reference each and every response to the allegations set forth in Counterclaim Paragraphs 1 through 35 as if fully repeated verbatim.

37. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 37 of the Counterclaim.

38. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 38 of the Counterclaim.

39. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 39 of the Counterclaim.

40. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 40 of the Counterclaim.

41. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 41 of the Counterclaim.

**COUNT V – ATTORNEYS' FEES**
**(MediaHedge, FilmHedge, Gosier)**

42. Counterclaim Defendant incorporates by reference each and every response to the allegations set forth in Counterclaim Paragraphs 1 through 41 as if fully repeated verbatim.

43. Counterclaim Defendant Striebe denies the allegations set forth in Paragraph 42 of the Counterclaim.

44. Counterclaim Defendant Striebe denies all further allegations in the Counterclaim, including, but not limited to, those contained in Counterclaim Plaintiffs' "Prayer for Relief."

**JURY DEMAND**

Counterclaim Defendant Striebe demands a trial by jury on all issues so triable.

Respectfully submitted this 13th day of August 2026.

*/s/ Frank G. Goldman, Esq.*
Frank G. Goldman, Esq.
Georgia Bar No. 30052
Frank G. Goldman, P.C.
PO Box 202
Avondale Estates, GA 30002
(404) 918-9145
fgoldman@fggpc.com
Counsel for Plaintiff/Counterclaim Defendant William Striebe

# CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiff William Striebe to this action certifies that he has served the following pleadings upon Defendants' counsel via the Court's electronic filing system.

1. Plaintiff William Striebe's Answer to Defendants' Counterclaim

Respectfully submitted this 13th day of August 2026.

/s/ Frank G. Goldman, Esq.
Frank G. Goldman, P.C.
Georgia Bar No. 300052
Attorney for Plaintiff William Striebe
PO Box 202
Avondale Estates, GA 30002
(678) 705-8483